UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.

AQUATOPIA, LLC, a
California Limited Liability Company,

       Plaintiff,

vs.

BORA GURSON,
a resident of Florida,

       Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES

### Jurisdiction, Parties, and Veuue

1. This is an action for declaratory relief and damages, between citizens of two different States, the amount in controversy for which exceeds $75,000.00 exclusive of interest and costs. This Court therefore has subject matter jurisdiction as provided under 28 U.S.C. §1332(a)(1).

2. Plaintiff Aquatopia, LLC is a California limited liability company headquartered in Henderson, Nevada.

3. Defendant Bora Gurson is a resident of Miami-Dade County, Florida, and is *sui juris*.

4. Venue for this action is proper in the Southern District of Florida, where the Defendant resides.

5. Plaintiff Aquatopia, LLC is the Owner of S/Y "Aquatopia," a 2014 Lagoon 620 catamaran sailing yacht ("Vessel"), Official No. 1257850, as reflected on the Certificate of Documentation issued by the United States Coast Guard National Vessel Documentation Center on or about July 20, 2022, a true and correct copy of which is attached and incorporated by reference as Exhibit "A" hereto.

6. The Vessel was previously subject to a First Preferred Ship's Mortgage in favor of Bank of the West, but Bank of the West released the lien of its mortgage by a Lien Satisfaction dated September 20, 2021, a true and correct copy of which, along with a transmittal letter from Bank of the West, are attached and incorporated by reference as Composite Exhibit "B" hereto.  Bank of the West has disclaimed any interest in the Vessel since then.

7. Bank of the West has not at any time declared Plaintiff to be in default of its obligations with respect to the Vessel.  The Vessel is not and has not ever been the subject of any judicial, nonjudicial, or extrajudicial action or proceeding to enforce any claim against the Vessel or Plaintiff's ownership by any claimant, including but not limited to Bank of the West.

8. In or about April of 2022, Plaintiff was made aware that Defendant Bora was attempting to sell the Vessel, claiming to be its owner.  Upon information and belief, Bora listed the Vessel for sale with "Aquazul," a yacht brokerage which is or purports to be licensed and bonded in the state of Florida, which caused the Vessel to be advertised for sale through "Yachtworld," an on-line boating marketplace operated by Boats Group, LLC in Miami.

9. Plaintiff then learned that Defendant Bora had somehow persuaded Bank of the West to sign a Bill of Sale for the Vessel in his favor on or about December 3, 2021, a copy of which is attached and incorporated by reference as Exhibit "C" hereto.

10. This Bill of Sale is absolutely void, as it was signed at a time when Bank of the West no longer had any interest of any kind in the Vessel, and Bank of the West acknowledges that the Bill of Sale was signed in error. Additionally, this purported conveyance was invalid because no consideration was given for it by or on behalf of Defendant Bora to Bank of the West.

11. In addition, Plaintiff has never requested that the Vessel be removed from documentation, see 46 C.F.R.§67.171(c)(1), the purported Bill of Sale is not signed by or on behalf of the Owner of the Vessel, see 46 C.F.R. §67.223, and no legitimate title evidence could have been submitted for a change in ownership of this documented Vessel, as required by 46 C.F.R. §§67.50(c) and 67.75(a).

12. At some time subsequent to the execution of the purported Bill of Sale, Defendant Bora caused the Vessel to be registered in the state of Delaware. See copy of Delaware registration documentation attached as Exhibit "D" hereto.

13. This registration is void for the reasons previously stated above, and because it is contrary to Delaware law, as the Vessel has not been operated in Delaware waters at any time prior to or since the registration, nor was the application for registration signed by the Owner of the Vessel as required. See copy of Delaware Boat Registration Application attached as Exhibit "E" hereto.

14. Plaintiff has been advised that Defendant Bora, acting as supposed owner of the Vessel, has permitted one or more individuals to live on board the Vessel, which is presently located in Freeport in the Bahamas, in violation of Plaintiff's rights in the Vessel.

15. Plaintiff has also received reports that Defendant Bora has been involved in questionable claims of ownership to other Vessels involving insurance claims.

16. Upon learning of Defendant Bora's false claim of ownership of the Vessel, Plaintiff Aquatopia, LLC made demand through counsel that Defendant Bora immediately provide information and documentation supporting his claim of ownership. A true and correct copy of a letter from counsel for Plaintiff to counsel for Defendant dated September 17, 2022, with attachments thereto, is attached as Exhibit "F" hereto. The attachments to that letter are attached as Composite Exhibit "G" hereto.

17. No information or documentation from Bora supporting his claim of ownership (other than the Bill of Sale and the Delaware registration described above) has been provided. Counsel for Defendant Bora did state that Bora contends that Bank of the West was entitled to sell the Vessel to Bora without prior notice to or demand upon Plaintiff Aquatopia, even though Bank of the West denies that it ever did so, and Defendant Bora has contended through counsel that the Bill of Sale and the Delaware registration described above and attached as Exhibits hereto are valid.

18. Plaintiff has engaged the undersigned law firm to represent it in this action, and is obligated to pay its reasonable fees, costs, and other expenses incurred on behalf of Plaintiff in this action.

19. All conditions precedent to this action have been performed, satisfied, or waived.

## COUNT I
## Claim for Declaratory Relief

20. Plaintiff realleges the matter set forth in paragraphs 1 through 19 above.

21. This is a claim for declaratory relief pursuant to 28 U.S. C. §2201(a).

22. Given Defendant Bora's continuing claim of ownership and continuing reliance on the purported registration of the Vessel in Delaware, Plaintiff Aquatopia is effectively denied his right to use and benefit of the Vessel, and is hamstrung in his ability to sell or borrow against

the Vessel, or to complete repairs to it following a grounding incident which occurred in December of 2010. The Vessel remains the subject of a dispute between Plaintiff Aquatopia and Dream Yacht Charters, a Mauritius entity in whose custody and control the Vessel was at the time of the grounding, which is subject to a mandatory arbitration clause and is not material to the issues raised in this case except as it is impacted by Defendant Bora's adverse claim to the Vessel.

23. Plaintiff Aquatopia has already been unable to close on a prospect to sell the Vessel to a qualified buyer on advantageous terms because of Defendant Bora's claims, and cannot effectively market the Vessel given the cloud on Plaintiff's title created by Defendant Bora's claims.

24. The dispute between Plaintiff Aquatopia and Defendant Bora therefore presents a concrete and substantial controversy between adverse legal interests, presenting the substantial likelihood of continuing injury to Plaintiff, which could be effectively redressed by a favorable judicial decision affirming Plaintiff's rights in the Vessel and rejecting Defendant Bora's.

WHEREFORE, Plaintiff Aquatopia, LLC prays that this honorable Court will grant it declaratory relief, affirming Plainiff's rights in the subject Vessel and rejecting Defendant's claim to the Vessel, awarding its attorneys' fees in clearing the cloud on Plaintiff's title to the Vessel, awarding its costs in this action, and such other and further relief as the Court may deem appropriate.

## COUNT II
### Damages for Slander of Title

25. Plaintiff realleges the matters set forth in paragraphs 1 through 17 above.

26. By offering the Vessel for sale, listing it for sale, authorizing it to be advertised for sale, causing Bank of the West to issue an invalid Bill of Sale, causing the State of Delaware

to issue an invalid registration for the Vessel, and persisting in its claims to be the rightful owner of the Vessel in his dealings with third parties, Defendant Bora has wrongfully disparaged Plaintiff's title to the Vessel.

27. At all times material, Defendant Bora knew or should have known that his claims to ownership of the Vessel were invalid.

28. Bora's claims of ownership of the Vessel were false and malicious and made without legal justification or excuse.

29. As a direct, proximate, and foreseeable result of Defendant's disparagement of Plaintiff's title to its Vessel, Plaintiff has suffered damages, including the loss of at least one opportunity to sell the Vessel on favorable terms, carry costs associated with an as yet unsatisfied but no longer secured note to Bank of the West which funded the acquisition of the Vessel, along with Plaintiff's attorneys' fees, costs, and other expenses incurred in clearing its title to the Vessel.

WHEREFORE, Plaintiff Aquatopia, LLC prays for entry of Judgment against Defendant Bora for damages, attorneys' fees as an element of compensatory damages, prejudgment interest, costs of this action, and such other and further relief as the Court may deem appropriate.

Respectfully submitted this __3rd__ day of March 2023.

> ROBERT L. JENNINGS, P.A.
> Attorneys for Plaintiff Aquatopia, LLC
> 921 S.E. Ocean Blvd., Suite 4
> Stuart, Florida 34994
> Tel. (772) 286-2798
> Facs. (772) 286-2799
> Primary e-mail: hbrj@aol.com
> Secondary e-mail: service.rljpa@gmail.com
>
> By: __/s/ *Robert L. Jennings*__
>     Robert L. Jennings
>     Fla. Bar No. 348074